UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

LARRY J. PRADIA,

                Defendant.
_____

REPORT & RECOMMENDATION

06-CR-6053L

## PRELIMINARY STATEMENT

By Order of Hon. David G. Larimer, United States District Judge, dated April 7, 2006, all pre-trial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 15). Currently pending before this Court for Report and Recommendation is Pradia's motion to dismiss the first three counts of the Indictment. (Docket # 20).[1]

Defendant Larry J. Pradia ("Pradia") is charged in five of the seven counts in the Superseding Indictment, only the first three of which are relevant to the pending motion. Count One charges that from 1995 until May 2004, Pradia conspired with co-defendant Barbara Singleton to "steal, purloin, and convert to their own use monies of the United States, to wit, Department of Housing and Urban Development Section 8 housing benefits," in violation of 18

---

[1] Pradia's omnibus motion also sought, *inter alia*, discovery and inspection, *Brady* material, *Jencks* material, a conspiracy hearing, joinder in the pretrial motions of co-defendant Barbra Singleton and severance of certain counts. (Docket ## 20, 35) Each of these requests was either resolved by the parties or decided in open court by the undersigned on August 10, 2006. (Docket ## 37, 40).

U.S.C. § 371.  Count Two charges that during the same period, Pradia and Singleton stole and converted to their own use Section 8 benefits, in violation of 18 U.S.C. §§ 641 and 2.  Count Three charges Pradia with making a materially false statement to the Rochester Housing Authority on or about August 20, 2002, in violation of 18 U.S.C. § 1001(a)(3).  (Docket # 22).

For the following reasons, it is the recommendation of this Court that Pradia's motion to dismiss Counts One, Two and Three be denied.

## REPORT AND RECOMMENDATION

According to the Superseding Indictment, the Section 8 housing program is a United States Department of Housing and Urban Development ("HUD") program that provides housing subsidies to eligible participants.  (Docket # 22 at ¶ 4).  HUD regulations provide that a housing unit will not be approved for receipt of Section 8 benefits if "the owner is the parent . . . of any member of the family" unless for "a reasonable accommodation."  (Docket # 22 at ¶ 5). Thus, to receive Section 8 benefits, no member of the family residing in the rental unit may own or have any interest in the unit.  (Docket # 22 at ¶ 5).  The Section 8 program is administered in the City of Rochester by the Rochester Housing Authority ("RHA").  (Docket # 22 at ¶ 4).

The Superseding Indictment alleges that during the time period relevant to this prosecution, Singleton resided at 361 Sunset Street in the City of Rochester and that Pradia owned and also lived at that residence.  (Docket # 22 at ¶¶ 2-3).  It further alleges that from 1995 through May 2004, Singleton applied for and received Section 8 benefits through the RHA for her residence at 361 Sunset Street.  (Docket # 22 at ¶¶ 8, 10).  The first count of the Superseding Indictment charges Pradia and Singleton with conspiring to steal Section 8 benefits by failing to

advise the RHA that Pradia, who is listed as the father of two of Singleton's sons on their birth certificates, resided with Singleton and her children at 361 Sunset Street. Count One further alleges that Pradia completed certifications to the RHA "stating that he was not related to the family occupying 361 Sunset Street in any way that is contrary to HUD regulation." (Docket # 22). The second count charges a substantive count of theft of government funds based upon the alleged improper receipt of Section 8 benefits. Count Three identifies the materially false statement that Pradia is alleged to have made to the RHA as the certification on HUD Form 52517 that he was not related to the family occupying 361 Sunset Street in any way that was contrary to applicable HUD regulations, when in fact he knew he was the father of two of the children residing at 361 Sunset Street. (Docket # 22).

Pradia moves to dismiss the first, second and third counts of the Superseding Indictment on the grounds that they are deficient on their face because they do not contain an allegation that Singleton would not have received the benefits in the absence of the alleged false statements about Pradia's relationship to her children. (Docket # 20). According to Pradia, because Singleton was financially eligible to receive Section 8 benefits had she rented from another landlord, the government cannot demonstrate that it suffered a financial loss. Pradia also finds the counts deficient because they do not allege that Singleton would not have qualified for a "reasonable accommodation" of the HUD regulation. Finally, Pradia challenges the adequacy of Count One on the grounds that it does not allege that Pradia was in fact the father of Singleton's sons, but rather alleges only that he is listed on the birth certificates as their father. (Docket # 20 at ¶¶ 5-16).

Federal Rule of Criminal Procedure 7(c)(1) provides, inter alia, that the "indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Under this rule, "it is still essential that every element of an offense be stated and that the defendant be given fair notice of the charge against him." *United States v. Hernandez*, 980 F.2d 868, 871 (2d Cir. 1992) (quoting 1 Charles A. Wright, *Federal Practice and Procedure*: Criminal § 123, at 348 (2d ed. 1982) (footnote omitted)). The purpose of this rule is to ensure that defendant is sufficiently apprised of the charges he faces so that he may prepare a defense and to enable him to plead double jeopardy in any subsequent prosecution. *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.), *cert. denied*, 504 U.S. 926 (1992); *United States v. Carrier*, 672 F.2d 300, 303 (2d Cir.), *cert. denied*, 457 U.S. 1139 (1982).

In interpreting Rule 7, the Second Circuit has stated that "'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" *United States v. Stavroulakis*, 952 F.2d at 693 (quoting *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir.), *cert. denied*, 423 U.S. 832 (1975)). Here, a review of the first three counts of the Superseding Indictment reveals that the counts appropriately track the language of the respective statutes charged and provide Pradia with the essential facts necessary for him to prepare a defense.

In my view, the first count clearly advises Pradia that he is charged with conspiring with Singleton to steal Section 8 housing benefits by failing to disclose that he, the owner of Singleton's residence, also lived there and by falsely representing that he was not related to the family who lived there. I disagree with Pradia's contention that Count One should

4

be dismissed because it does not allege that Singleton would not have been eligible for Section 8 benefits but for the false representations.  The indictment alleges that HUD regulations provide that "a unit will not be approved for receipt of Section 8 benefits if 'the owner is the parent . . . of any member of the family' unless for a reasonable accommodation."  (Docket # 22 at ¶ 5).  This allegation, coupled with the allegations concerning the alleged false statements and omissions by Pradia, sufficiently inform him of the nature of the charges and enable him to prepare a defense or later interpose a double jeopardy challenge.  They adequately charge that Pradia and Singleton conspired to steal money belonging to the United States that they were not eligible to receive as a result of their false and fraudulent statements.  The fact that Singleton may have been eligible to receive Section 8 benefits had she lived in another unit does not justify dismissal of the conspiracy counts, or Counts Two or Three.  *See United States v. Galvin-Lewis*, 1996 WL 22642 (N.D.N.Y. 1996) (Pooler, J.) (rejecting defendant's argument that a conviction under 18 U.S.C. § 641 requires proof of actual loss; "a conviction under section 641 requires only that the defendant had an intent to appropriate government property to a use inconsistent with the owner's rights and benefits") (quoting *United States v. Faust*, 850 F.2d 575, 579-80 (9th Cir. 1988)).  At most, it may constitute evidence that Pradia may wish to put before the jury; its admissibility is best reserved for the trial court.

      To the extent that Pradia wishes to argue that Singleton should have qualified for a reasonable accommodation, that argument should be made to and evaluated by the jury; it is not a basis for dismissal of any of the counts at this stage.  *See*, *e.g.*, *United States v. Reale*, 1997 WL 580778, *6 (S.D.N.Y. 1997) (pretrial motion to dismiss premature based upon alleged insufficiency of the evidence); *United States v. Payden*, 613 F. Supp. 800, 809 (S.D.N.Y. 1985)

("[i]t is well established that a facially valid indictment . . . may not be challenged on the grounds that it was based on inadequate evidence") (collecting cases). Finally, I reject Pradia's contention that Count One fails because it does not affirmatively state that Pradia is the father of Singleton's children. It does allege, however, that he falsely certified that he was not related to the family living at 361 Sunset Street. (Docket # 22 at ¶ 11). That allegation is sufficient; the additional allegation that he was listed on the birth certificates as the father of her sons may amount to surplusage, but its inclusion does not invalidate Count One.[2] *See, e.g., United States v. Steiner Plastics Mfg. Co.*, 231 F.2d 149, 152 (2d Cir. 1956) (government not required to prove surplusage at trial).

On this record, I find that the Superseding Indictment adequately informs Pradia of the charges he must answer and enables him to plead double jeopardy in any subsequent prosecution for the same offense. *Stavroulakis*, 952 F.2d at 693. Accordingly, Count One, Two and Three of the Indictment satisfy the requirements of Fed. R. Crim. P. 7(c)(1), and Pradia's motion to dismiss those counts on the grounds of deficient pleading should be denied.

---

[2] Count Three, unlike Count One, alleges that Pradia "knew he was the father of two of the children residing at 361 Sunset Street." (Docket # 22, Count Three).

## CONCLUSION

For the foregoing reasons, it is my recommendation that defendant's motion to dismiss Counts One, Two and Three of the Superseding Indictment **(Docket # 20)** be **DENIED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       September  12 , 2006.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[3]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                           *s/Marian W. Payson*
                                               MARIAN W. PAYSON
                                           United States Magistrate Judge

Dated: Rochester, New York
        September  12 , 2006.

---

[3] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed.  *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).