UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                               Plaintiff,

                                                     DECISION AND ORDER

                                                     06-CR-6053L

                    v.

LARRY J. PRADIA,

                               Defendant.
_____

      By order, I referred all pretrial matters in this criminal case to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b). As part of defendant Larry J. Pradia's ("Pradia") omnibus motion, he moved to dismiss the first three counts of the indictment. The parties submitted papers on the motion and Magistrate Judge Payson held oral argument on the motions.

      The three counts relate to a long-term conspiracy between Pradia and another, Barbara Singleton, to obtain Section 8 housing allotments issued by the United States Department of Housing and Urban Development, through the Rochester Housing Authority. Essentially, the counts allege that Pradia and Singleton submitted false information to qualify for the housing stipends.

Pradia argued before Magistrate Judge Payson that the indictment was defective because it did not allege actual loss to the Government and because the indictment failed to articulate certain other matters which could constitute a defense.

In her Report and Recommendation, filed September 12, 2006, (Dkt. #41), Magistrate Judge Payson rejected Pradia's arguments and recommended that the motion to dismiss be denied. Pradia has filed no objection to this Report and Recommendation.

I have reviewed Magistrate Judge Payson's Report and Recommendation, the original motion papers and the superseding indictment. I agree with Magistrate Judge Payson's assessment and conclude that the indictment is proper and that there is no basis to dismiss.

First of all, Pradia has not filed an objection to the Report and Recommendation, and for that reason, the Court could adopt the Report and Recommendation on that basis alone. I do conclude that affirmance is warranted, but I also find, on the merits, that there is no basis to grant defendant's motion.

Magistrate Judge Payson sets forth the requirements for a valid indictment under FED. R. CRIM. P. 7(c). The indictment must be a short, plain written statement of the facts constituting the offense. There is ample authority that as long as the indictment follows or "tracks" the language of the statute charged, that is sufficient. Magistrate Judge Payson covers the law concerning sufficiency of indictments and the basic requirements and the purposes advanced by such rules. In this case, the counts involved clearly advised Pradia of the nature of the offense so that he may adequately prepare a defense and raise a proper double jeopardy defense in further proceedings concerning the same conduct.

Some of the items raised by defendant do suggest evidentiary matters that need to be resolved at trial. Whether that evidence, relating to whether the Government suffered any actual loss, whether Singleton may have qualified for a "reasonable accommodation" under the Regulations and proof concerning Pradia's paternity as to Singleton's children, are matters for another day. They form no basis here to dismiss the superseding indictment.

These legal issues are not ripe for determination at this time, since they do not affect the motion to dismiss. That is not to say, however, that the evidence suggested by Pradia would be admissible at a trial. It may be that even if the evidence is admissible (something not yet established), the Court may need to fashion proper cautionary instructions so that the jury remains focused on the elements that the Government must prove.

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. #41) filed September 12, 2006.

Defendant Pradia's motion to dismiss Counts 1, 2 and 3 of the superseding indictment is in all in respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 12, 2006.